**FILED**

May 27, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____DT_____
Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **Case No: EP:26-CR-01273-DB** |
| | § | |
| **Plaintiff,** | § | **I N D I C T M E N T** |
| | § | |
| **v.** | § | **CT 1:** 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), |
| | § | (a)(1)(A)(ii) and (a)(1)(B)(i) - Conspiracy to |
| **(1) BRYAN ADRIAN** | § | Transport Aliens; |
| **FLORES-MARTINEZ, and** | § | |
| **(2) HECTOR EMIGDIO** | § | **CT 2:** 8 U.S.C. §§ 1324(a)(1)(A)(ii) and |
| **NAVARRO-OLIVAS,** | § | (a)(1)(B)(i) - Transporting Aliens for Financial |
| | § | Gain. |
| **Defendants.** | § | |
| | § | *Notice of Government's Demand* |
| | § | *for Forfeiture* |

THE GRAND JURY CHARGES:

<u>**COUNT ONE**</u>

On or about May 4, 2026, in the Western District of Texas, Defendants,

**(1) BRYAN ADRIAN FLORES-MARTINEZ,
and
(2) HECTOR EMIGDIO NAVARRO-OLIVAS,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury unknown, to commit an offense against the United States, namely: to transport and move and attempt to transport and move aliens within the United States knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, said transportation being in furtherance of said violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i).

**COUNT TWO**

On or about May 4, 2026, in the Western District of Texas, Defendants,

**(1) BRYAN ADRIAN FLORES-MARTINEZ**
**and**
**(2) HECTOR EMIGDIO NAVARRO-OLIVAS,**

knowing and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, transported and moved, and attempted to transport and move such aliens within the United States in furtherance of said violation of law, all done for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(i).

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
**[*See* Fed. R. Crim. P. 32.2]**

**I.**
**Transportation of Aliens Violation and Forfeiture Statutes**
**[Title 8 U.S.C. § 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii) and (a)(1)(B)(i), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)(A) and (B) and Title 8 U.S.C. § 1324(b)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth above, the United States of America gives notice to Defendants **(1) BRYAN ADRIAN FLORES-MARTINEZ GARCIA** and **(2) HECTOR EMIGDIO NAVARRO-OLIVAS** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 982(a)(6)(A) and (B), and Title 8 U.S.C. § 1324(b)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

> **Title 18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 254(a), 274A(a)(1), or 274A(a)(2) of the Immigration and Nationality Act or section 555, 1425, 1426, 1427, 1541, 1542, 1543, 1544, or 1546 of this title, or a violation of, or conspiracy to violate, section 1028 of this title if committed in connection with passport or visa issuance or use, shall order that the person forfeit to the United States, regardless of any provision of State Law—

2

**(i)** any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense of which the person is convicted; and

**(ii)** any property real or personal—

**(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or

**(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.

**(B)** The Court, in imposing sentence on a person described in subparagraph (A), shall order that the person forfeit to the United States all property described in that subparagraph.

**Title 8 U.S.C. § 1324(b) Seizure and Forfeiture**

(1) In general

Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

This Notice of Demand of Forfeiture includes but is not limited to the money judgment described in Paragraph II.

## II.
## <u>Money Judgment</u>

A sum of money that represents the amount of proceeds obtained by the Defendants, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offenses, for which Defendants **(1) BRYAN ADRIAN FLORES-MARTINEZ GARCIA** and **(2) HECTOR EMIGDIO NAVARRO-OLIVAS** are individually liable.

### <u>Substitute Assets</u>

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property owned by the Defendants, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
      Assistant U.S. Attorney